Opinion filed December 1, 2005












 
 
  
 
 







 
 
  
 
 




Opinion filed December 1, 2005

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                   __________

 

                                                          No. 11-04-00279-CR 

 

                                                    __________

 

                                RITA DENISE BOCKHOLT, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS, Appellee

 



 

                                         On
Appeal from the 104th District Court

 

                                                          Taylor
County, Texas

 

                                                 Trial
Court Cause No. 14,454-B

 



 

                                                                   O
P I N I O N

 

Rita Denise Bockholt was indicted for the offenses
of manslaughter and criminally negligent homicide after being involved in an
automobile accident.  The trial held on
August 9 and 10, 2004, ended in a mistrial.   
Appellant filed a petition for writ of habeas corpus on October 13,
2004.  After a hearing on appellant=s writ of habeas corpus, the trial
court entered an order denying the writ of habeas corpus.  We affirm.








In her first issue on appeal, appellant argues
that the trial court erred in denying her petition for writ of habeas corpus
because reckless prosecutorial misconduct caused the trial court to declare the
mistrial and, therefore, that double jeopardy should have attached.  In her second issue on appeal, appellant
contends that the trial court could have cured any prejudice by instructing the
jury to disregard the demonstrative evidence. 


During the trial, Trooper Adam Kinslow testified
on direct examination that he was the officer in charge of investigating the
automobile accident which led to appellant=s
indictment. Appellant=s
attorney questioned Trooper Kinslow during cross-examination about a photograph
that was taken of the victim=s
car at the scene of the accident.  After
several questions, Trooper Kinslow stated that he did not see anything Aof interest@
in the photograph.   The State asked for
a hearing outside the presence of the jury after appellant=s attorney brought out an exhibit.   

Outside the presence of the jury, the State argued
that appellant=s
attorney had displayed a bottle of beer to the jury without laying a proper
foundation.    After much discussion, the
trial court denied the State=s
motion for mistrial.  At that time, the
bailiff informed the trial court that a juror had made a gesture as if to take
a drink and that the juror had mouthed the word Adrunk.@ 
The bailiff stated that the juror=s
demeanor and actions indicated to him that she had Aformulated
an opinion of some sort.@  The trial court questioned the juror about
the incident, and she acknowledged that she did make a gesture as if she were Araising a beverage.@ 
Upon questioning by the State, the juror stated that she did make the
gesture but that she did not mouth the word Adrunk.@ 
The juror stated that the gesture was not in response to appellant=s attorney producing a bottle of beer
in court. 

            The State sought a mistrial based upon the display of the
beer bottle and the actions of the juror. 
Appellant agreed that a mistrial should be granted because the jury had
been Apoisoned@ by the State=s
questioning of the juror about the beer bottle. 
The trial court granted a mistrial and rescheduled the trial. 








 Both the
Double Jeopardy Clauses of the Fifth Amendment to the United States
Constitution and Article I, section 14 of the Texas Constitution protect a
criminal defendant from repeated prosecutions for the same offense.  U.S. CONST. amend. V; TEX. CONST. art. I, ' 14; 
Oregon v. Kennedy, 456 U.S. 667, 671 (1982);  Ex parte Peterson, 117 S.W.3d 804, 810
(Tex.Cr.App.2003).  Double jeopardy
principles do not forbid multiple trials of a single criminal charge if the
first trial resulted in a mistrial that was justified under the manifest
necessity doctrine or was requested or consented to by the defense absent
prosecutorial misconduct which forced the mistrial.  Ex parte Peterson, supra at 810‑11.

 In  Ex parte Peterson, supra, the court
attempted to clarify the standards from Bauder v. State, 921 S.W.2d 696
(Tex.Cr.App.1996), under which the Texas constitutional double jeopardy
provision prohibits a retrial after the defense successfully requests a
mistrial.  Appellate courts analyzing a
double jeopardy mistrial claim are to make the following three‑part
analysis:

(1)
Did manifestly improper prosecutorial misconduct provoke the mistrial?

 

(2)
Was the mistrial required because the prejudice produced from that misconduct
could not be cured by an instruction to disregard?

 

(3)
Did the prosecutor engage in that conduct with the intent to goad the defendant
into requesting a mistrial[1]
or with conscious disregard for a substantial risk that the trial court would
be required to declare a mistrial?[2]

 

In reviewing the trial court=s decision to grant or deny habeas
relief, we review the facts in the light most favorable to the trial court=s ruling and will uphold the decision
absent an abuse of discretion.  Ex
parte Peterson, supra 819.  We
afford almost total deference to a trial court=s
determination of the historical facts that the record supports especially when
the trial court=s fact
findings are based on an evaluation of credibility and demeanor. Ex parte
Peterson, supra.  Appellant
must present sufficient evidence to prove her double jeopardy claim by a
preponderance of the evidence.  Ex
parte Peterson, supra at 818. 








The trial court entered findings of fact and
conclusions of law in its order denying appellant=s
writ of habeas corpus.  The trial court
found that appellant=s
attorney displayed a beer bottle in the courtroom that was likely seen by
several members of the jury, that appellant=s
attorney intimated in front of the jury that the beer bottle was from the
victim=s car,
and that appellant=s
attorney did not lay a foundation or predicate for offering the beer bottle
into evidence prior to displaying the bottle in the courtroom.  The trial court further found that the State=s questioning of the juror about her
actions was not intended to induce a mistrial, that the State=s questions were reasonable, and that
the State did not provoke a mistrial or intentionally or recklessly cause a
mistrial.  The trial court additionally
found that the displaying of the beer bottle was so inflammatory that a
curative instruction was unlikely to prevent juror bias, that there was no less
drastic alternative other than mistrial, and that the granting of a mistrial
was manifestly necessary. 

 We cannot
say from the record that appellant proved that manifestly improper
prosecutorial misconduct provoked the mistrial. 
We further find that the trial court did not err in finding that an
instruction to disregard would not have cured the problem caused by the
displaying of a beer bottle in the courtroom. 
Appellant=s first
and second issues on appeal are overruled.

The judgment of the trial court is affirmed.

 

JIM R. WRIGHT

CHIEF JUSTICE

 

December 1, 2005

Do not publish.  See
TEX.R.APP.P. 47.2(b).

Panel
consists of:  Wright, C.J., and

McCall,
J., and Strange, J.











[1]The standard set forth in Oregon v. Kennedy, supra.  





[2]The standard set forth in  Bauder v. State, supra.